# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

IN RE:

**TAMPA BAY MARINE TOWING**        **CASE NO: 8:20-bk-01418-CED**
 **& SERVICE, INC.**        **CHAPTER 11**

    **Debtor.**
_____/

## DEBTOR'S EXPEDITED MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

COMES NOW, the Debtor, TAMPA BAY MARINE TOWING & SERVICE, INC. (the "**Debtor**" or "**TBMT**"), undersigned counsel and, pursuant to §§ 541(a)(2), 542(a), and 543(a) of the United States Bankruptcy Code (the "Code"), hereby files this Motion for Turnover of Property of the Estate and in support thereof states as follows:

## JURISDICTION AND BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b). This is a core proceeding under 28 U.S.C. § 157(b).

2. This instant Chapter 11 Case was filed on February 19, 2020 (the "**Petition Date**") under Chapter 11 of the Code, Case No. 8:20-bk-01418-CED, and remains pending in the United States Bankruptcy Court, Middle District of Florida, Tampa Division (this "**Case**").

1. The Debtor is a "small business debtor" pursuant to 11 U.S.C. §101(51D) of United States Bankruptcy Code (the "**Code**").

2. The Debtor operates as a Debtor-In-Possession pursuant to § 1107(a) of the Code.

3. On the Petition Date, Debtor elected to operate under Chapter 11, Subchapter V of the Code ("**Sub. V**").

4.	Dr. Ruediger Mueller is the appointed Chapter 11 Trustee ("**Chapter 11 Trustee**") pursuant to Sub. V.

5.	The Debtor is a Florida corporation registered under the state of Florida, Division of Corporations by filing its Articles of Incorporation on July 25, 2000.

6.	The Debtor's principal place of business and assets are located at 3300 39th Ave., St. Petersburg, FL 33712.

7.	Kathleen Moreno ("**K. Moreno**") and her husband, Raul Moreno ("**R. Moreno**") (K. Moreno and R. Moreno collectively the "**Morenos**") purchased the Debtor from Eugene N. Shute, IV ("**Shute**") for $857,500.00 pursuant to that certain Sea Tow Tampa Bay Sales & Assignment January 29, 2015 (the "**Purchase Agreement**").

8.	The Debtor has always operated as a franchisee of Sea Tow Services International, Inc. ("**STSI**" or the "**Franchisor**"). Part of the Purchase Agreement involved assignment of the franchise and the Debtor entered into that certain Franchise Agreement dated April 23, 2020 with STSI (the "**Franchise Agreement**").

9.	STSI is known as "your road service at sea" and has over 100 franchises throughout the United States and Europe. STSI through its franchisees, like the Debtor, offers paying recreational and small commercial boaters ("**Sea Tow Members**") certain services through a membership business model, similar to what AAA does with vehicle owners.

10.	Most Sea Tow Members pay about $179.00 per year and join at various times of the year ("**Member Funds**"). However, most Sea Tow Members join during the "boating season", which begins in March, along-side major regional boat shows throughout the country and ends in August. The Franchisor collects Member Funds generated by franchisees through sales and annual renewals. The Franchisor then distributes a portion of the Member Funds to franchisees after taking

out their cut for franchise fees, reciprocal tow fund fees, credit card processing fees, donations, trailer care fees etc.

11.     STSI wrongfully alleges that it had a right under the Franchise Agreement to announce a breach as a result of the Synovus Foreclosure Lawsuit. Consequently, in September 2019, STSI announced a breach of the Franchise Agreement through its attorney, Mitch Stein, and began withholding all Membership Funds from the Debtor.

12.     STSI wrongfully alleges that it had the right to terminate the Franchise Agreement 30 days after the Synovus Foreclosure Lawsuit was filed pursuant to Article 16 § 16.1 of the Franchise Agreement. However, the document formally revoking the Franchise Agreement, that certain Termination and Relinquishment Agreement between STSI and the Debtor (the "**TARA**") is signed by Mitch Stein on behalf of STSI on October 28, 2019. Additionally, the TARA agreement is void ab initio due to, among other things, the conflict Stein created as counsel for both the Debtor and STSI.

13.     STSI then entered into a management agreement (the "**Management Agreement**") with Tampa Bay Marine Recovery, Inc ("**TBMR**") to run the business of the Debtor. TBMR is owned by Erich Jaeger ("**Mr. Jaeger**") and his wife Abby Jaeger ("**Mrs. Jaeger**"). Mr. Jaeger is the son of Kathleen Moreno. Mr. Jaeger worked as a manger for the Debtor until TBMR took over the business operations. The Debtor has not received member funds from STSI since September 2019 when STSI began holding the funds as a result of the Synovus lawsuit.

14.     The Debtor ran on the personal savings of the Morenos, salvages and non-member jobs until November 11, 2019 when STSI officially revoked the franchise under the TARA and put TBMR in place as the management company to the run the business operations of the Debtor.

However, the Debtor continued to service members during that time with no compensation or way of recovering funds.

15. The rights associated with the Franchise Agreement, Members and Member Funds are property of the estate pursuant to section 541 of the Code.

16. STSI continues to charge TBMR the de facto franchisee, whom it has a management agreement with, over $15,000 in *management fees.* So, STSI is charging the management company, TBMR, that STSI contracted with to manage the business of the Debtor, about $15,000 per month from Member Funds belonging to the Debtor, payable back to STSI for "*management fees*". It begs the question, how can STSI charge the Debtor and/or the management company management fees from Member Funds, when STSI is not managing the Debtor or its de facto franchisee?

17. Additionally, STSI is diverting Member Funds, which are property of the estate, to unsecured creditor Eugene Shute. STSI is paying about $3,300 in Member Funds to Shute per month on his unsecured promissory note.

18. Synovus is more than prejudiced by the actions of STSI and the funds being diverted to STSI for "management fees" and preferential payments to Shute are more than enough to service its debt.

19. Debtor seeks an expedited hearing on the matter because STSI is set to make another preferential post-petition payment to Shute in the amount of approximately $3300 on May 1, 2020. The funds should be used for adequate protection payments to Synovus instead and Debtor requests the Court to determine the Member Funds and the rights to the Franchise Agreement are property the estate and to order STSI to cease taking bogus management fees and making preferential payments to unsecured creditors from the Member Funds. In the Alternative, Debtor

requests the Court enter an order that holds any further Member Funds from being released for management fees or payments to Shute until further determination by the Court.

20.     The bankruptcy court should require the Member Funds, rights to the Members and Franchise Agreement be turned over to the bankruptcy court for administration, so that the bankruptcy estate can be protected and assets for the benefit of creditors maximized.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order: 1) requiring STSI to relinquish the Member Funds and the rights to the Franchise Agreement to the Debtor as property the estate; 2) Ordering STSI to cease taking management fees and making preferential payments to unsecured creditors from the Member Funds; and 3) any other further relief as this Court deems just and proper to do equity unto the parties.

Dated: The 22nd day of April, 2020.

**Respectfully Submitted,**

/s/     Jake C. Blanchard
Jake C. Blanchard, Esq.
Blanchard Law, PA
1501 Belcher Rd. S., Unit 6B
Largo, FL 33771
Tel: 727-531-7068
Fax: 727-535-2086
jake@jakeblanchardlaw.com
Fla. Bar No.: 0055438
Attorney for Debtor

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Court's CM/ECF Service, and/or U.S. Mail, to the United States Trustee, Timberlake Annex, Suite 1200, 501 E Polk Street, Tampa, FL 33602, Sea Tow Services International, Inc. c/o Mitchell Stein, Stein Law, P.C. 24 Woodbine Avenue Suite 4, Northport, New York 11768 and to and to those parties who receive electronic notices via CM/ECF in the ordinary course of business, on this 22nd day of April, 2020.

/s/ Jake C. Blanchard
BLANCHARD LAW, P.A.
Jake C. Blanchard, Esquire